UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| DANNY W. MORRIS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. |
| | ) |
| FOUR STAR PAVING, LLC, | ) JURY DEMAND |
| | ) |
| Defendant. | ) |

## COMPLAINT

Plaintiff Danny W. Morris states the following for his cause of action against defendant Four Star Paving, LLC:

### THE PARTIES

1.     Plaintiff Danny W. Morris is a citizen and resident of Portland, Sumner County, Tennessee.

2.     Defendant Four Star Paving, LLC is a Tennessee limited liability company with its principal place of business located in Nashville, Davidson County, Tennessee.

3.     All conditions precedent to the filing of this action have been satisfied. Plaintiff filed a timely Charge of Discrimination with the Equal Employment Opportunity Commission (EEOC) on or about March 7, 2011. The EEOC issued A

Right To Sue Notice to plaintiff on January 30, 2012, and this action is filed within 90 days of the date when plaintiff received the Right To Sue Notice, as required by 42 U.S.C. §200e-5(f)(1).

## JURISDICTION AND VENUE

4.     This is an action for unlawful employment discrimination on the basis of religion and is brought under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e *et seq.* (Title VII).

5.     This Court has jurisdiction of plaintiff's claim under 28 U.S.C. §1331 because this claim is a civil action arising under the laws of the United States. This Court also has jurisdiction of plaintiff's claim under 28 U.S.C. §1343(a)(4) because it is an action to recover damages or to secure equitable or other relief under an Act of Congress providing for the protection of civil rights.

6.     Venue is appropriate in the Middle District of Tennessee under 28 U.S.C. §1391(b) because defendant is deemed to reside in this district under 28 U.S.C. §1391(c) and because the events giving rise to plaintiff's claims occurred in this district.

## FACTUAL ALLEGATIONS

7.    Plaintiff worked for defendant from on or about March 1, 2003 until he was terminated on June 28, 2010. When plaintiff was terminated, he held the position of Base Foreman.

8.    In early 2010, plaintiff became a member of the Seventh-day Adventist Church. Plaintiff's religious beliefs prohibit his working on the Sabbath, which is observed in the Seventh-day Adventist Church from sundown on Friday until sundown on Saturday. Plaintiff was able to work on Friday before sunset, Saturday after sunset, and any time on Sunday without restriction.

9.    After plaintiff became a member of the Seventh-day Adventist Church, he notified defendant of his religious beliefs and informed defendant that because of his religious beliefs, he could not work from sundown Friday until sundown Saturday. Plaintiff also wrote a letter and delivered it to defendant that explained why plaintiff needed an accommodation for his religious beliefs, and that requested an accommodation for plaintiff's religious beliefs and practice in accordance with Title VII.    Plaintiff's notices to defendant were requests that defendant accommodate his religion.

10.    Despite plaintiff's requests for an accommodation for his religious beliefs, defendant failed and refused to make any accommodation for plaintiff's religious beliefs.    Instead, defendant disciplined plaintiff for being absent on

Saturdays and then terminated plaintiff's employment because plaintiff was unable to work on Saturdays due to his religious beliefs.

## COUNT I
## LIABILITY UNDER TITLE VII

11.     Plaintiff adopts and incorporates by reference the allegations contained in Paragraphs 1-10 of this Complaint.

12.     Defendant knew of plaintiff's need for a reasonable accommodation for his religious beliefs. Defendant failed and refused to provide plaintiff with a reasonable accommodation for his religious beliefs even though a reasonable accommodation was requested, was available, and could have been made.

13.     Defendant's actions in refusing to provide plaintiff with a reasonable accommodation for his sincerely held religious beliefs, disciplining plaintiff for not working on his Sabbath, and then terminating plaintiff because plaintiff was unable to work on his Sabbath constitute unlawful employment discrimination on the basis of plaintiff's religion.

14.     As a result of defendant's unlawful actions, plaintiff has suffered a loss of earnings, wages, seniority, and benefits, a loss of earning capacity, a loss of future earnings, a loss of enjoyment of life, embarrassment, humiliation, emotional distress and related damages.

## PRAYER FOR RELIEF

Based on the allegations of this complaint, plaintiff prays for the following relief:

1. For judgment against defendant for lost wages, compensation and other employment benefits;

2. For judgment against defendant for front pay in lieu of reinstatement;

3. For judgment against defendant for compensatory damages under 42 U.S.C. §1981a in an amount to be determined by the jury;

4. For pre-judgment and post-judgment interest;

5. For appropriate declaratory and injunctive relief declaring that defendant's acts and practices violated plaintiff's rights under Title VII and requiring defendant to cease and desist from violating Title VII as described above;

6. For reasonable attorney's fees, expert witness fees, expenses and costs in accordance with applicable law, including 42 U.S.C. §1988;

9. For such other general or equitable relief as plaintiff may be entitled to under the premises.—

PLAINTIFF DEMANDS A JURY TO TRY THIS CASE.

Wade B. Cowan (S.C. #9403)
Suite 225
150 Second Avenue North
Nashville, Tennessee 37201
wcowan@dhhrplc.com
(615) 256-8125


Todd R. McFarland
Associate General Counsel
General Conference of Seventh-day Adventists
12501 Old Columbia Pike
Silver Spring, MD 20904-6600
McFarlandT@gc.adventist.org
Attorneys for plaintiff